**Leslie Nicholas DAVIS, Petitioner,**

**v.**

**Alberto GONZALES, Attorney General, Respondent.**

No. 06–70959.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2007.

Filed Sept. 17, 2007.

Leslie Nicholas Davis, El Centro, CA, pro se.

Erica Reilley, Los Angeles, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., Daniel E. Goldman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON *, Senior District Judge.

MEMORANDUM **

Leslie Nicholas Davis, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") finding of removal and denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). On appeal, Davis challenges the findings that he had been convicted of a "particularly serious crime," and that he was ineligible for protection under the CAT.

1. The Attorney General has been statutorily granted the discretion to determine whether an aggravated felony conviction resulting in a sentence of less than five years is a particularly serious crime. 8 U.S.C. § 1231(b)(3)(B). Counsel for Petitioner concedes that in *In re Y–L–*, 23 I. & N. Dec. 270, 273–77 (BIA 2002), disapproved on unrelated grounds in *Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003), the Attorney General properly exercised his discretion to determine that aggravated felonies resulting in sentences of less than five years, but involving unlawful trafficking in controlled substances, are "particularly serious crimes" within the meaning of the Immigration and Naturalization Act ("INA"), subject to a safety valve. *See Miguel–Miguel v. Gonzales*, 500 F.3d 941 (9th cir.2007) (upholding the *In re Y–L–* strong presumption as to criminal convictions obtained subsequent to its publication date).

 Davis argues that the BIA did not consider all of the *In re Y–L–* factors. Un-

der the facts of this case it was not necessary that the BIA do so. *In re Y–L–* requires a petitioner to demonstrate "extraordinary and compelling circumstances" that justify treating a particular drug trafficking crime as not being a "particularly serious crime." At a minimum petitioner must demonstrate the presence of six listed circumstances, and then (if all six circumstances are present) must in addition demonstrate the presence of "other, more unusual circumstances" that might justify departing from the presumption that a drug trafficking felony is a particularly serious crime. Here the alien's sole argument to the IJ was that he was not guilty of the offenses for which he was convicted. The IJ determined that the petitioner had failed to demonstrate extraordinary and compelling circumstances that would justify departure from the presumption. Nothing in *In re Y–L–* precluded the BIA from considering petitioner's criminal history in affirming the IJ's conclusion that this case does not present the sort of unusual circumstances that justify departure from the presumption.

2. Davis has raised a claim for deferral of removal under the CAT. Although an alien who has committed a particularly serious crime is ineligible for withholding of removal under CAT, 8 C.F.R. § 1208.16(d), an alien barred from withholding who meets the other requirements for CAT relief will be granted deferral of removal. *See* 8 C.F.R. § 208.16(c)(4) ("If an alien entitled to ... protection [under CAT] is subject to mandatory denial of withholding of removal [because of a particularly serious crime or other bar], the alien's removal shall be deferred."). *See also* 8 C.F.R. § 208.17(a); *In re G–A–*, 23 I. & N. Dec. 366, 368 (BIA 2002) ("An

---

* The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

alien's criminal convictions in the United States, however serious, are not a bar to deferral of removal under the Convention Against Torture.").

■ The IJ and the BIA's rejections of Davis's claim that he would be subject to torture if returned to Jamaica were supported by substantial evidence. *See, e.g., Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005). In any event, we have affirmed BIA determinations that abuse did not constitute torture where the abuse was far greater than that alleged here by Davis. *See, e.g., Kumar v. Gonzales,* 444 F.3d 1043, 1055 (9th Cir.2006) (holding that "[a]lthough [the petitioner] undeniably suffered abuse in the Jammu and Kashmir police station, we are unable to conclude that the IJ's ruling that it did not amount to torture was not supported by substantial evidence."). In *Kumar,* petitioner was "repeatedly and severely beaten with wooden sticks and leather belts by [police] officers who told him that he would be killed if he did not disclose" certain information. *Id.* at 1047. The petitioner in *Kumar* was also detained on numerous occasions by the police. *Id.* at 1047–48.

Accordingly, the rejection of Davis's claims for relief under the CAT is affirmed.

**PETITION DENIED.**